IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

HOWARD L. HILL, II,                          :
                                             :
            Petitioner                       :
                                             :
      v.                                     :   CIVIL NO. 3:CV-13-469
                                             :                              **FILED**
J. E. THOMAS, WARDEN,                        :   (Judge Conaboy)            **SCRANTON**
                                             :
            Respondent                       :                             APR 0 4 2013

PER _____ _____
                        DEPUTY CLERK

## MEMORANDUM
### Background

Howard L. Hill, II filed this pro se petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2241 while previously

confined at the United States Penitentiary, Lewisburg,

Pennsylvania (USP-Lewisburg).[1]  Petitioner has also submitted an

in forma pauperis application which will be granted for the sole

purpose of the filing of this action with this Court.  Named as

Respondent is USP-Lewisburg Warden J. E. Thomas.[2]

Hill states that on February 4, 2012, his cellmate, Inmate

Robert Stringer, was transferred to another cell block because

_____

   [1]  Hill is presently confined at the United States
Penitentiary, Florence, Colorado (USP-Florence).

   [2]  The only properly named respondent in a federal habeas
corpus action is the applicant's custodial official.  See 28 U.S.C.
§ 2242.  When this matter was initiated, Warden Thomas was
Petitioner's custodial official for purposes of § 2242.

1

of having been issued a disciplinary charge for engaging in a

sexual act. Doc. 1, ¶ 19. Petitioner asserts that per his

insistence to remain with his cell mate, he was moved to a new

cell along with Inmate Stringer.

The next day (approximately twelve hours after Stringer

received his incident report) Petitioner was also purportedly

issued a misconduct report which charged with engaging in a

sexual act stemming from the same incident underlying Inmate

Stringer's aforementioned charge.[3] Later that same day, an

initial hearing on Hill's charge was conducted by the Unit

Disciplinary Committee (UDC) which apparently referred the

matter to Disciplinary Hearing Officer (DHO) Jordan for further

proceedings.[4]

According to the Petition, DHO Jordan conducted a

---

[3] The Petition explains that Stringer and Hill were charged
with engaging in a sexual act with one another.

[4] Under Federal Bureau of Prisons regulations, prison staff
shall provide an inmate with a written copy of the charges levied
against him "ordinarily within 24 hours of the time staff became
aware of the inmate's involvement in the incident." See 28 C.F.R.
Section 541.15. Following the issuance of the incident report, a
prompt investigation must be undertaken. 541.14(b). Section 541.14
also directs that the investigating officer should "thoroughly
investigate the incident."
Once the investigation is concluded, the incident report is
referred to the UDC for an initial hearing "ordinarily held within
three work days from the time staff became aware of the inmate's
involvement in the incident.

misconduct hearing on February 16, 2012 at which time Petitioner professed his innocence and presented documentary evidence. Hill was found guilty of the charge and received institutional sanctions which included a loss of good time credit.

Petitioner claims entitlement to federal habeas corpus relief on the grounds that he did not receive a copy of the DHO's report until two months after it was issued, on April 16, 2012, a delay which violated his due process rights because he was unable to pursue a timely and thorough administrative appeal. Hill further asserts that the investigating officer and the DHO ignored conflicting evidence which was set forth in the incident reports issued to Petitioner and Inmate Stringer and that his right to privacy was violated because he was forced to discuss the charges with the investigating officer and the UDC while in his cell (in front of his cell mate and within earshot of other inmates).

### Discussion

The Rules Governing Section 2254 Cases in the United States District Courts are applicable to § 2241 petitions under Rule 1(b) of the Section 2254 Rules. See Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Thus, Section 2241 habeas corpus petitions are subject to judicial screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United

States District Courts, 28 U.S.C. foll. § 2254 (1977). <u>See</u>
<u>Mutope v. Pennsylvania Board of Probation and Parole</u>, Civil No.
3:CV-07-472, 2007 WL 846559, at *2 (M.D. Pa. Mar. 19,
2007)(Kosik, J.).

In pertinent part, Rule 4 provides that "[i]f it plainly
appears from the petition and any attached exhibits that the
petitioner is not entitled to relief in the district court, the
judge must dismiss the petition and direct the clerk to notify
the petitioner." It is apparent from the petition and
accompanying exhibits that Hill is not entitled to federal
habeas corpus relief.

Habeas corpus review under § 2241 "allows a federal
prisoner to challenge the 'execution' of his sentence." <u>Woodall</u>
<u>v. Federal Bureau of Prisons</u>, 432 F.3d 235, 241 (3d Cir. 2005).
A habeas corpus petition may be brought by a prisoner who seeks
to challenge either the fact or duration of his confinement in
prison. <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973), <u>Telford v.</u>
<u>Hepting</u>, 980 F.2d 745, 748 (3d Cir. 1993). Federal habeas
corpus review is available only "where the deprivation of rights
is such that it necessarily impacts the fact or length of
detention." <u>Leamer v. Fauver</u>, 288 F.3d 532, 540 (3d Cir. 2002).

The United States Supreme Court in <u>Wolff v. McDonnell</u>, 418
U.S. 539, 563-73 (1974), held that a prisoner deprived of good

time credits as a sanction for misconduct is entitled to certain

due process protections in a prison disciplinary proceeding.

Wolff noted that "prison disciplinary proceedings are not part

of a criminal prosecution and the full panoply of rights due a

defendant in such proceedings does not apply." Id. at 556.

Nonetheless, the Supreme Court held that a prisoner facing a

loss of good time credits is entitled to some procedural

protection. Id. at 563-71.

A subsequent Supreme Court decision, Sandin v. Conner, 515

U.S. 472, 480-84 (1995), reiterated that the due process

safeguards set forth in Wolff must be provided when the

challenged disciplinary proceeding results in a loss of good

time credits. See also Young v. Kann, 926 F.2d 1396, 1399 (3d

Cir. 1991) (a federal prisoner has a constitutionally protected

liberty interest in good time credit); Griffin v. Spratt, 969

F.2d 16, 19 (3d Cir. 1992). Since Hill asserts that he received

sanctions which included a loss of good time credits which

adversely affected the duration of his ongoing federal

confinement, he may properly challenge the underlying

disciplinary proceedings in a federal habeas corpus petition.

Wolff set forth five requirements of due process in a

prison disciplinary proceeding: (1) the right to appear before

an impartial decision-making body; (2) twenty-four hour advance

5

written notice of the charges; (3) an opportunity to call witnesses and present documentary evidence, provided the presentation of such does not threaten institutional safety or correctional goals; (4) assistance from an inmate representative, if the charged inmate is illiterate or if complex issues are involved; (5) a written decision by the fact finders as to the evidence relied upon and the rationale behind their disciplinary action. Id. An additional procedural requirement was set forth in Superintendent, Massachusetts Correctional Inst. at Walpole v. Hill, 472 U.S. 445, 453-56 (1985). In that case, the Supreme Court held that there must be some evidence which supports the conclusion of the disciplinary tribunal.

There is no claim by Petitioner that he requested, but was denied the opportunity to be provided with a staff representative. Hill also does not assert that he was denied the opportunity to call witnesses or, submit supporting documents as contemplated under Wolff. In fact, Petitioner indicates that he appeared before DHO Jordan informed him that he had not committed the offense and presented him with documentary evidence. Accordingly, those prongs of Wolff will be deemed satisfied.

Under Wolff, it is also required that an inmate accused of

a disciplinary infraction be provided with advance written notice of the charges against him. Notice must be provided twenty four (24) hours prior to the time of hearing. There is no present assertion that Hill was not afforded with the amount of advance written notice required under Wolff. Petitioner also does not raise any contention that DHO Jordan was biased. Hence, there is also no need to discuss either of those due process requirements.

Wolff further directs that the factfinder in a prison disciplinary proceeding must issue a written decision describing the evidence relied upon and stating the rationale behind any decision. Hill acknowledges that the DHO issued a written decision as required. However, Petitioner contends that a copy of the written report was not given to him in a timely fashion.[5] Specifically, it is alleged that Hill did not receive the DHO's report until April 16, 2012 and he thereafter attempted to file an administrative appeal on or about May 2, 2012. See Doc. 1, ¶ 14. Hill is apparently claiming that as a result of the delay in his receipt of the DHO's decision, his administrative appeal was rejected as being untimely.[6]

---

[5] There is no such due process requirement recognized under Wolff.

[6] However, Petitioner admits that his initial May 2, 2012 administrative appeal was sent to the wrong address and returned to
(continued...)

7

It is well established that a federal prisoner must exhaust available administrative remedies <u>before</u> seeking habeas corpus relief in federal court. <u>Moscato v. Federal Bureau of Prisons</u>, 98 F.3d 757, 760 (3d Cir. 1996); <u>Ridley v. Smith</u>, 179 Fed. Appx. 109, 111 (3d Cir. 2006). However, the administrative exhaustion requirement may be excused if an attempt to obtain relief would be futile or where the purposes of exhaustion would not be served <u>See</u> <u>Cerverizzo v. Yost</u>, 380 Fed. Appx. 115, 116 (3d Cir. 2010).

It is equally well settled that absent a showing of prejudice, a technical violation of Bureau of Prison ("BOP") regulations does not automatically require that a disciplinary sanction must be vacated and remanded. <u>Von Kahl v. Brennan</u>, 855 F. Supp. 1413, 1421 (M.D. Pa. 1994)(in a federal inmate disciplinary proceeding "where the minimal requirements of due process have been met, an inmate must show prejudice to the rights sought to be protected by the regulation claimed to be violated" in order to obtain habeas relief). <u>See</u> <u>also</u> <u>Torres</u>, 292 F.3d at 150 ("the focus must be on the nature of the

---

[6](...continued)
him on or about May 14, 2012. A second immediate attempt to file an appeal was rejected on June 22, 2012 because it was filed in the wrong regional office. Petitioner states that his third attempt to initiate an appeal was rejected as being untimely on or about August 7, 2012. <u>See</u> Doc. 1, ¶ 17.

deprivation").

Hill's pending habeas action is not being dismissed for failure to exhaust administrative remedies. Petitioner also makes no viable showing that the delay in issuance of the DHO's report somehow prejudiced his ability to present a defense to the charge which had already been adjudicated. To the contrary, Hill argues only that the delay prevented him from pursuing a timely administrative appeal.

This Court has addressed the merits of Hill's pending claims, since this matter is not being dismissed on the basis of non-exhaustion of administrative remedies Petitioner has failed to establish any resulting prejudice as a result of the alleged delay in issuance of the DHO's report. Consequently, there is no basis for relief under the reasoning set forth in Von Kahl and Torres. As a result, the failure to timely issue a DHO report claim does not warrant federal habeas corpus relief.

Petitioner next vaguely asserts that the DHO's decision was flawed because conflicting documentary incident reports were disregarded. This argument will be construed as seeking relief pursuant to the some evidence requirement of Hill and the requirement that if there is conflicting evidence presented, the DHO's decision must be based upon the greater weight of the evidence. See 28 C.F.R. § 541.17(f)(2007).

There are no facts alleged by Petitioner regarding the

substance of the incident reports. Hill does not offer any explanation whatsoever as to how the incident reports issued to he and Stringer conflicted with one another.[7] There is also no argument by Petitioner that the some evidence or greater weight of the evidence standards discussed above were not satisfied in his case.

A federal court has no duty to independently weigh the evidence, but only to see that there was some evidence or basis in fact to support the finding of guilt. Hensley v. Wilson, 850 F.2d 264 (6th Cir. 1988). Moreover, there is no requirement that the evidence presented to the DHO rule out all other possibilities. Petitioner's mere vague, totally unsupported contention that the incident report issued to Stringer somehow conflicted with, or duplicated the incident report he received is not sufficient to show that there was conflicting evidence presented or that the some evidence standard was not met by the DHO. The findings in a disciplinary hearing are not arbitrary or capricious if there exists a basis in fact to support a disciplinary hearing officer's findings. Edwards v. White, 501 F. Supp. 8 (M.D. Pa. 1979).

_____

[7]   It is noted that the Petition asserts at one point that "the duplicitiousnees [sic] of the multiple incident reports for the same incident" was not investigated. Doc. 1, ¶ 21.
Clearly, prison staff was not precluded from charging two prisoners with engaging in an act of jointly committed institutional misconduct.

10

A careful review of Hill's petition does not reveal that he is raising any claim that the DHO's decision was not supported by the evidence. Petitioner's bald assertion that there was some type of conflict between his incident report and the one given to his cell mate is simply insufficient to set forth a viable habeas claim. The petition simply does not assert that this is the type of a case where the record was so devoid of evidence that the findings by the DHO were without support or otherwise arbitrary. Based upon even the most liberal construction of Hill's pro se petition there is simply no basis for a claim that the DHO's decision was not adequately supported.[8]

With respect to Hill's claims that the UDC and investigating officer violated his privacy rights by discussing the misconduct with him in front of his cell mate and other prisoners, in Suggs v. Bureau of Prisons, 2008 WL 2966740 *4 (D. N.J. July 31, 2008), the district court noted that in cases where "a judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable and a civil complaint was the appropriate form of remedy." Recognizing the observation in Woodall that the

---

[8] If Petitioner can present facts supporting a claim that the some evidence requirement of Hill was not satisfied in his case, he may file a motion seeking reconsideration of this determination.

precise meaning of execution of sentence is hazy, it has been similarly held that to "the extent that a prisoner challenges his conditions of confinement, such claims must be raised by way of a civil rights action." Hairston v. Grondolsky, 2008 WL 618805, *2 (D.N.J. March 3, 2008).

Any claim by Hill that prison officials violated his privacy rights, even if proven, would not imply the invalidity of Petitioner's disciplinary proceedings. Rather, the above listed right of privacy assertions are not habeas corpus claims, but rather contentions which are only properly brought in a civil rights complaint.[9] Accordingly, with respect to those claims "habeas corpus is not an appropriate or available federal remedy." Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).

**Conclusion**

There is no discernible claim set forth by Hill that he was not provided with any of the Wolff procedural safeguards. Second, with respect to Petitioner's vague claim of conflicting

---

[9] Challenges to routine garden variety type transfers may not be raised under § 2241. See Ganim v. Federal Bureau of Prisons, 235 Fed. Appx. 882, 883 (3d Cir. 2007). The Third Circuit Court of Appeals in Ganim indicated that a federal prisoner can only challenge a transfer under § 2241 where the transfer is to a facility which is much more restrictive than his former place of incarceration. See id. at 884; Jebara v. Gronolsky, 2008 WL 800219, (D. N. J. March 20, 2008)(transfer from a low security federal correctional facility to a federal prison camp could not be challenged via a habeas corpus petition).

12

disciplinary reports Hill has failed to provide any facts which would establish that the DHO's decision did not meet the evidentiary requirements of <u>Hill</u>, § 541.17(f), or was otherwise arbitrary or capricious. <u>See</u> <u>Edwards</u>, 501 F. Supp. at 8.

Hill's right of privacy assertions are not habeas corpus claims, but rather contentions which are only properly brought in a civil rights complaint. Petitioner's final contention asserts that the DHO's report was not issued in a timely fashion does not warrant federal habeas corpus relief since there was no resulting prejudice. The petition for writ of habeas corpus will be denied. An appropriate Order will enter.

RICHARD P. CONABOY
United States District Judge

DATED: APRIL 4, 2013

13